UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:10-cr-0043-SEB-DLP |
| | ) | |
| JASON T. JEWELL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation

On July 31, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 5, 2019.  Defendant Jewell appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Kristina Korobov, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Jewell of his rights and provided him with a copy of the petition.  Defendant Jewell orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Jewell admitted violation numbers 1 through 6.  [Docket No. 56.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation**
**Number**      **Nature of Noncompliance**

    1          **"The defendant shall not commit another federal, state, or local crime."**

As previously reported to the Court on October 16, 2017, the offender was allegedly involved in criminal conduct. On September 18, 2017, he was found masturbating in the nude outside of a local apartment complex in Indianapolis, Indiana. Someone from the public observed and recorded him, and contacted police authorities. Mr. Jewell reported to officers "voices" told him to get naked and masturbate. He was transported to Eskenazi Hospital, where he was assessed. No psychosis was found, and it was determined he was safe to be discharged.

There is no record of an arrest being made nor charges filed against him.

| | |
|---|---|
| **2** | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer."** |

As previously reported to the Court on January 4, 2019, Mr. Jewell was terminated from psychosexual treatment at the Indianapolis Counseling Center due to violating the agency's attendance policy. He was terminated from the program on approximately December 3, 2018, and eventually resumed treatment on approximately January 21, 2019.

Since that time, Mr. Jewell has again been terminated from the program as a result of failing to attend his group and individual sessions regularly. On May 13, 2019, he was unsuccessfully discharged following at least eleven missed sessions from January to April 2019. In addition to various excuses, he claimed he was depressed and "almost" attempted suicide on a few occasions. As a result, he was referred to mental health treatment to address his depressive symptoms and suicidal ideation. On June 27, 2019, he informed the probation officer he was no longer depressed and was ready to resume the psychosexual treatment program. As such, the probation officer instructed him to attend his scheduled group session on July 1, 2019. However, on that same day, the probation officer received information from the treatment provider indicating the offender was again a "no show." On approximately July 2, 2019, he was unsuccessfully discharged from the program. Since beginning the program in 2015, he has missed approximately 24 sessions.

| | |
|---|---|
| **3** | **"The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer** |

**shall determine if the defendant has notified the person having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact then this condition is not intended to prevent approval of the contact."**

As previously reported to the Court, Mr. Jewell made a voluntary statement to the treatment provider stating he had supervised contact with a minor child. His then neighbor offered him a ride to a treatment session. However, the neighbor's children were in the car. Despite minor children being present, the offender entered the vehicle and was provided a ride to the treatment agency. The contact was not disclosed to nor approved by the probation officer in advance.

4  **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."**

Also as previously reported to the Court, the offender has admitted to being in possession of a cellular telephone with Internet access. Prior to possessing it, he did not inform the probation officer, and therefore, the device was unmonitored.

5  **"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

As previously reported to the Court, Mr. Jewell has admitted to being in possession of pornography. Although some of the persons in the images appeared to look young, their ages could not be ascertained nor confirmed to be child pornography. The offender denied possessing child pornographic images, and claimed he only sought pornography of persons he believed to be 18 years of age and older.

6  **"The defendant shall participate in a program of mental health treatment as directed by the probation officer."**

From approximately the commencement of his term of supervised release until August 2018, the offender participated in mental health therapy at

3

>     Eskenazi Health/Midtown Community Mental Health (Midtown). Around August 16, 2018, it was determined by the treatment provider Mr. Jewell made significant improvement and was being transferred to a "Medication Only" program. He remains connected to Midtown for the prescribing and management of his psychotropic medication. However, as referenced in violation 2, due to the offender reporting depression and suicidal ideation, he was referred back to Midtown for mental health counseling. He met with a therapist on May 6, 2019. However, he failed to attend subsequent sessions on May 20, 2019, and June 24, 2019. He has had no contact with the therapist since his initial appointment in May 2019.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of thirty (30) days with lifetime supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of thirty (30) days with lifetime supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer in supervising the offender and to promote public safety. Given Mr. Jewell's sex offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are prudent.

Additional recommended conditions of supervision:

14. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program

    (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

Given the offender's history of mental illness, including suicidal ideation, this condition is necessary.

15. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

17. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

18. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

23. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: mental health treatment, sexual disorder treatment and physiological testing], and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

These conditions are necessary due to Mr. Jewell's convictions for child pornography offenses, as well as a prior conviction for battery involving the sexual molestation of a stranger in a public restroom. The conditions would also assist the probation officer in promoting public safety.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The parties were advised that the District Judge is not required to accept the Report and Recommendation of the Magistrate Judge. The parties waived notice of the Report and Recommendation and waived objections to the Report and Recommendation.

So recommended.

Date: 8/14/2019

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system